Kristin A. VanOrman (7333)
Ashley F. Leonard (14899)
**STRONG AND HANNI**
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
Telephone:  (801) 532-7080
Facsimile:  (801) 596-1508

*Attorneys for Defendant Roy City Municipal Corporation*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| BRIAN SEWARD, <br><br> Plaintiff, <br><br> vs. <br><br> ROY CITY, MUNICIPAL CORPORATION, <br><br> Defendant. | **ANSWER TO COMPLAINT AND RELIANCE UPON JURY DEMAND** <br><br> Case No. 1:17-cv-00109 JNP <br><br> Judge Jill N. Parrish |

Defendant Roy City, a Municipal Corporation, by and through counsel of record, hereby responds to the allegations of Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

In response to the specific allegations of Plaintiff's Complaint, this Defendant admits, denies and otherwise alleges as follows:

1

## NATURE OF CASE

1. Defendant admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

## PARTIES

2. Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

4. Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

## ADMINISTRATIVE PROCEEDINGS

6. In response to paragraph 6 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

7. Defendant admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. In response to paragraph 9 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

10. In response to paragraph 10 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

Case 1:17-cv-00109-JNP-DBP   Document 7   Filed 08/16/17   Page 3 of 15

## GENERAL ALLEGATIONS

11. In response to paragraph 11 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

12. In response to paragraph 12 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

13. In response to paragraph 13 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

14. In response to paragraph 14 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

15. In response to paragraph 15 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

16. Defendant denies that Plaintiff was constructively discharged as alleged in paragraph 16 of Plaintiff's Complaint, but admits the remainder thereof.

17. Defendant admits the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant admits the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. In response to paragraph 19 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

20. In response to paragraph 20 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

21. In response to paragraph 21 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

22. In response to paragraph 22 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

23. Defendant admits that Plaintiff was placed on light duty as alleged in paragraph 23 of Plaintiff's Complaint, but is without sufficient information to form a belief as to the truthfulness of the remainder of the allegations and, therefore, denies the same.

24. Defendant admits the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant admits the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendant admits the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. In response to paragraph 27 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

28. In response to paragraph 28 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

29. In response to paragraph 29 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

30. In response to paragraph 30 of Plaintiff's Complaint, Defendant admits that Plaintiff was asked to submit a letter from his doctor, but is without sufficient information to form a belief as to the truthfulness of the remainder of the allegations and, therefore, denies the same.

31. In response to paragraph 31 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

32. Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. In response to paragraph 34 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

35. Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. In response to paragraph 36 of Plaintiff's Complaint, Defendant Roy City admits it requested a note stating there was potential for Plaintiff to come back without restrictions at some point, but is without sufficient information to form a belief as to the truthfulness of the remainder of the allegations and, therefore, denies the same.

37. Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. In response to paragraph 39 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

40. Defendant denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendant denies that Plaintiff was constructively discharged as alleged in paragraph 41 of Plaintiff's Complaint, but is without sufficient information to form a belief as to the truthfulness of the remainder of the allegations and, therefore, denies the same.

42. Defendant denies that Plaintiff was constructively discharged as alleged in paragraph 42 of Plaintiff's Complaint, but is without sufficient information to form a belief as to the truthfulness of the remainder of the allegations and, therefore, denies the same.

**FIRST CAUSE OF ACTION**
**(Disability Discrimination in Violation of the ADA)**

43. Defendant hereby incorporates by reference the answers above to the allegations contained in Plaintiff's Complaint.

44. Defendant admits the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. In response to paragraph 45 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

46. In response to paragraph 46 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

47. Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. In response to paragraph 49 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

50. Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
### (Disability Discrimination in Violation of the Rehab Act)

54. Defendant hereby incorporates by reference the answers above to the allegations contained in Plaintiff's Complaint.

55. In response to paragraph 55 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

56. Defendant admits the allegations contained in paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations contained in paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations contained in paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations contained in paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations contained in paragraph 60 of Plaintiff's Complaint.

## THIRD CLAUSE OF ACTION
### (Failure to engage in the Interactive Process or not making a Reasonable Accommodation Disability in Violation of the ADA and the Rehab Act)

61. Defendant hereby incorporates by reference the answers above to the allegations contained in Plaintiff's Complaint.

62. In response to paragraph 62 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

63. Defendant denies the allegations contained in paragraph 63 of Plaintiff's Complaint.

64. Defendant denies the allegations contained in paragraph 64 of Plaintiff's Complaint.

65. Defendant denies the allegations contained in paragraph 65 of Plaintiff's Complaint.

66. Defendant denies the allegations contained in paragraph 66 of Plaintiff's Complaint.

## RELIANCE UPON THE JURY DEMAND

67. COMES NOW the Defendant Roy City and gives notice to the Court and to all counsel that it does now and will rely upon the demand for trial by jury previously filed in this matter.

### THIRD DEFENSE

Plaintiff's injuries or damages, if any, were caused by his own actions, conduct, or failures to act; therefore, his claims are barred either wholly or in part.

### FOURTH DEFENSE

To the extent that Plaintiff seeks relief for conduct occurring more than 300 days before the filing of a charge with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff's claims under the ADA are barred.

### FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

### SIXTH DEFENSE

The Court lacks subject matter jurisdiction over this action.

### SEVENTH DEFENSE

Plaintiff has failed to comply with the applicable requirements of the Governmental Immunity Act; therefore, his claims in this civil action are barred.

### EIGHTH DEFENSE

Plaintiff has failed to mitigate his damages, and to that extent, is barred in whole or in part from recovering monetary damages from Defendants.

### NINTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, consent, and/or estoppel.

### TENTH DEFENSE

Plaintiff's claims against Defendants are barred in whole or in part due to Plaintiff's inequitable conduct, wrongdoing, and/or negligence.

## ELEVENTH DEFENSE

Defendants specifically deny violating any federal or state constitutional, statutory, or common law right of the Plaintiff.

## TWELFTH DEFENSE

Plaintiff's claims are barred for failure to plead the necessary elements of the claims asserted. Plaintiff's claims are not actionable as pled.

## THIRTEENTH DEFENSE

All actions taken with regard to Plaintiff were taken for bona fide business reasons and as a result of reasonable factors other than Plaintiff's age, race, religion, national origin, sex, disability, or color and were without any discriminatory intent, purpose, or effect.

## FOURTEENTH DEFENSE

Plaintiff's claims for damages, if any are found, are limited by Plaintiff's interim earnings, separation payments, or expenses the Plaintiff avoided.

## FIFTEENTH DEFENSE

All actions or omissions of Defendants were justified and reasonable under the circumstances.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because all acts of Defendant were motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity.

### SEVENTEENTH DEFENSE

Plaintiff's ADA claims are barred to the extent they exceed the scope of the administrative charge.

### EIGHTEENTH DEFENSE

Plaintiff failed to timely file his Charge of Discrimination and its contents do not comply with the requirements of 42 U.S.C. § 2000e-5(b) and 29 C.F.R. § 1601.12(b).

### NINETEENTH DEFENSE

Plaintiff is not entitled to recover under any of his claims because his actions were not in good faith.

### TWENTIETH DEFENSE

Plaintiff's claims are barred because he did not engage in or otherwise frustrated the interactive process.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred because he failed to request a reasonable accommodation.

### TWENTY-SECOND DEFENSE

The accommodations requested by Plaintiff were unreasonable, unduly burdensome, and created an undue hardship on Defendant.

### TWENTY-THIRD DEFENSE

Plaintiff's disability posed a direct threat to safety that could not be eliminated by reasonable accommodation.

### TWENTY-FOURTH DEFENSE

Defendant granted each reasonable request for accommodation made by Plaintiff.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff failed to file an undertaking with the Court.

### TWENTY-SIX DEFENSE

Plaintiff has failed to exhaust applicable procedural, administrative, statutory, or judicial remedies otherwise available to him; therefore, this action is barred in whole or in part.

### TWENTY-SEVENTH DEFENSE

Plaintiff is not entitled to any of the relief he requests including, but not limited to, attorney's fees and costs, because the employment action at issue would have been taken even in the absence of alleged unlawful discrimination.

### TWENTY-EIGHTH DEFENSE

Plaintiff's alleged injuries were the result of superseding and intervening causes and were not proximately caused by any act, omission, or other conduct of the Defendant or its officers, agents and employees.

### TWENTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants are entitled to immunity under the Utah Governmental Immunity Act, Utah Code § 63G-7-101 *et seq*.

### THIRTIETH DEFENSE

Defendants may have other defenses which will be determined through discovery, and Defendants reserve the right to amend or supplement this Answer as additional defenses are discovered.

## THIRTY-FIRST DEFENSE

Defendant denies each and every allegation contained in the Complaint unless expressly admitted herein or otherwise addressed.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing from Defendant by way of the Complaint, and that the Complaint against Defendant be dismissed, with prejudice;

2. That Defendant be awarded its costs of suit, including reasonable attorneys' fees incurred herein; and

3. For such further relief as the Court deems just and proper.

DATED this __16th__ day of August, 2017.

STRONG & HANNI

*Ashley F. Leonard*
Kristin A. VanOrman
Ashley F. Leonard
*Attorneys for Defendant Roy City Municipal Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __16th__ day of August, 2017, I did cause a true and correct copy of the foregoing **ANSWER TO COMPLAINT AND RELIANCE UPON JURY DEMAND** to be served via the CM/ECF system upon the following:

Erik Strindberg
Jonathan Thorne
**STRINDBERG & SCHOLNICK**
675 East 2100 South, Suite 350
Salt Lake City, UT  84106

*Ashley F. Leonard*