IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIAN SEWARD,<br><br>        Plaintiff,<br><br>v.<br><br>ROY CITY,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 1:17-cv-00109-JNP-DBP<br><br><br>District Judge Jill N. Parrish |

      Brian Seward retired from the Roy City Police Department after undergoing knee surgery. Seward later sued Roy City, asserting three causes of action. Seward has abandoned his first two claims. Under his third claim, Seward alleges that Roy City violated the Americans with Disabilities Act (ADA) by forcing him out of his job and failing to grant him a reasonable accommodation for his disability. Roy City moved for summary judgment on all three claims. [Docket 26]. The court GRANTS IN PART and DENIES IN PART Roy City's motion for summary judgment. The court grants summary judgment on the first two claims but denies summary judgment on the third claim that Roy City failed to accommodate Seward's disability.

## BACKGROUND

      On a motion for summary judgment, the evidence is viewed in the "light most favorable to the non-moving party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Therefore, the court views all of the facts in the light most favorable to Seward.

Seward worked for the Roy City Police Department from April 2001 until May 2015. During his time with the police department, he concurrently served with the United States Air Force Reserve. As a part of his duties with the Air Force Reserve, he was deployed to Afghanistan from February 21, 2014 until October 31, 2014. While in Afghanistan, he sustained an injury to both of his knees.

Upon Seward's return from Afghanistan, he engaged in full active duty with Roy City until the condition of his knees worsened, mandating knee surgery in March of 2015. Seward took thirty days of unpaid leave to recover, and then was placed on light duty with Roy City. On April 15, 2015, Seward submitted a letter from his surgeon, Dr. Thomas, requesting an extension of light duty for an additional four weeks. Roy City granted the extension of light duty. The letter stated that Dr. Thomas anticipated Seward returning to "Full Duty in 4 weeks as police officer."

In May, acting Roy City Police Chief Calcut asked Seward for an update as to when Seward could return to full active duty. On May 11, 2015, Seward submitted a second physician's note recommending three additional months of light duty. The second note also stated there would be a "Follow up with doctor in: 4 wk(s)." After reviewing the letter, Calcut informed Seward that he was "good to go." Seward understood from this statement that Calcut had approved his request for an extension of his light duty assignment. On May 27, Seward submitted a third doctor's note stating that he was able to carry a firearm and drive a police vehicle and that he should follow up with his physician "as needed."

On May 29, 2015, Roy City asked Seward to meet with human resources to fill out Family and Medical Leave Act (FMLA) paperwork. During that meeting, the city told Seward to call Dr. Foot to schedule a physical within the next two weeks. Seward was informed that he must pass a

fit-for-duty examination in that time period in order to return to his job as a police officer. He was then sent home on unpaid leave.

Seward believed that he could not pass a physical within the allotted time period and did not call Dr. Foot. Instead, he submitted a retirement letter on June 12, 2015. Seward then sued Roy City, asserting three causes of action: (1) disability discrimination in violation of the ADA, (2) disability discrimination in violation of the Rehab Act, and (3) failure to engage in the interactive process or make a reasonable accommodation in violation of the ADA. Roy City moved for summary judgment on all three claims. Seward stated that he intended to abandon his first two claims but argued that summary judgment was not appropriate for his third claim.

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met this burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment on a claim is required if the party that bears the burden of proof at trial "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

## ANALYSIS

I. **DISABILITY DISCRIMINATION CLAIMS UNDER THE ADA AND THE REHAB ACT**

In his complaint, Seward asserts claims for a disability discrimination under both the ADA and the Rehab Act. Roy City moved for summary judgment on these two claims. In his response

brief, Seward stated that he was abandoning these claims. The court, therefore, grants summary judgment on Seward's first and second causes of action.

## II. FAILURE TO ACCOMMODATE CLAIM UNDER THE ADA

The ADA protects disabled individuals against discrimination "on the basis of disability" during "job application procedures, the hiring process, advancement of employees, employee compensation, job training" as well as within the "other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Several claims are available under the ADA and each is addressed differently. *Punt v. Kelly Services*, 862 F.3d 1040, 1047–48 (10th Cir. 2017) (outlining the difference between a claim of disability discrimination based on an adverse employment action versus a failure to accommodate claim). In this case, Seward alleges that Roy City is liable because it failed to engage in an interactive process to accommodate his disability.

The ADA prohibits an employer from discriminating against an employee by failing to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A). "To facilitate [a] reasonable accommodation, '[t]he federal regulations implementing the ADA envision an interactive process that requires participation by both parties.'" *Bartee v. Michelin N. Am., Inc.*, 374 F.3d 906, 916 (10th Cir. 2004) (citation omitted) (second alteration in original). This required interactive process normally begins when the employee provides notice of a request for an accommodation. *Id.* After notice is given, "both parties have an obligation to proceed in a reasonably interactive manner to determine whether" a reasonable accommodation can be granted. *Id.* (citation omitted).

A plaintiff asserting a failure to accommodate claim has a prima facie burden to show (1) that he or she "is a qualified individual with a disability," (2) the employer was aware of the disability, and (3) the employer "failed to reasonably accommodate the disability." *McFarland v. City & Cty. of Denver*, 744 F. App'x 583, 586 (10th Cir. 2018) (unpublished). The plaintiff must

4

also prove that he or she suffered an adverse employment action. *Exby-Stolley v. Bd. of Cty. Commissioners*, 906 F.3d 900, 905 (10th Cir. 2018), *reh'g en banc granted* 910 F.3d 1129 (10th Cir. 2018).[1]

Roy City argues that it is entitled to summary judgment on Seward's failure to accommodate claim because the undisputed facts demonstrate that Seward cannot establish three of the necessary elements. First, the city argues that Seward is not a qualified individual. Second, it asserts that, as a matter of law, it did not fail to engage in the interactive process with him. Third, Roy City argues that Seward did not suffer an adverse employment action.

A. *Qualified Individual*

A disabled person is a qualified individual under the ADA if the individual "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Examples of potential reasonable accommodations include "job restructuring, part-time or modified work schedules, reassignment to vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9)(B).

Seward asserts that he was a qualified individual because he could perform the essential functions of his job with a reasonable accommodation—namely, a temporary light-duty

---

[1] The Tenth Circuit has granted a petition for rehearing en banc to review whether "an adverse employment action is a requisite element of a failure-to-accommodate claim under the Americans with Disabilities Act." *Exby-Stolley v. Bd. of Cty. Commissioners*, 910 F.3d 1129, 1130 (10th Cir. 2018). Because the Tenth Circuit has not yet issued an en banc opinion resolving this issue, this court follows the rule established in the *Exby-Stolley* panel decision that an adverse employment action is required.

5

assignment until he fully recovered from knee surgery.² A temporary reprieve from an essential function, such as a leave of absence or a light-duty assignment, for treatment of or recovery from an injury can be a reasonable accommodation. *See Robert v. Bd. of Cty. Comm'rs*, 691 F.3d 1211, 1217–18 (10th Cir. 2012); *Cisneros v. Wilson*, 226 F.3d 1113, 1129 (10th Cir. 2000). But there are two limits on the bounds of reasonableness for a leave of absence or a modified job assignment. *Robert*, 691 F.3d at 1218. First, "[t]he employee must provide the employer an estimated date when she can resume her essential duties." *Id.* Second, the request for leave or modified duties "must assure an employer that an employee can perform the essential functions of her position in the 'near future.'" *Id.* Roy City argues that the undisputed evidence demonstrates that Seward cannot satisfy the first requirement that the employee provide an estimated date for the resumption of essential work duties.

Roy City relies upon *Robert v. Board of County Commissioners*, 691 F.3d 1211 (10th Cir. 2012). In that case, a probation officer underwent surgery. *Id.* at 1215. In support of her application for a light duty assignment, the probation officer provided her surgeon's prediction that she would be able to walk with the assistance of a cane in about a month. *Id.* at 1218. The Tenth Circuit concluded that this prognosis did not adequately provide an estimated date when the probation officer could resume her essential job duties. *Id.* Because her job required her to conduct potentially dangerous home visits, the probation officer's essential job duties required "near-full mobility." *Id.* Thus, the surgeon's prognosis did not provide an estimate for when the probation officer would have recovered to the point that she could perform her essential job duties. *Id.*; *see*

---

² At oral argument, Roy City raised the issue of reassignment to another position and argued that Seward had not carried his burden of showing that reassignment was feasible. Seward conceded that he is not asserting a claim based upon a failure to reassign. Thus, the only claim before the court is that the city failed to accommodate Seward by refusing to extend his light-duty assignment.

6

*also Cisneros v. Wilson*, 226 F.3d 1113, 1130 (10th Cir. 2000) (noting that because the doctor specifically stated that the "duration of the illness [was] both 'uncertain' and 'unknown,'" the employer was not provided an "expected duration of the impairment."); *Hudson v. MCI Telecommunications Corp.*, 87 F.3d 1167, 1169 (10th Cir. 1996) (recognizing that though the plaintiff's physician attested on the forms that the disability would not be permanent, unpaid leave was not reasonable because there was no evidence of the anticipated duration of her impairment).

Roy City argues that the May 11, 2015 letter from Seward's surgeon was similarly inadequate because it did not explicitly provide an estimate for the date when Seward could perform his essential duties as a police officer. The letter recommended that Seward be limited to light duty work for a period of three months. Because the letter did not expressly predict that Seward would be able to perform the full range of his essential job duties at the end of this three-month period, Roy City argues that the letter does not provide the required information regarding Seward's estimated date of return to his full work duties.

The court finds that Roy City's interpretation of the May 11, 2015 letter to be unreasonably narrow. The letter clearly states the surgeon's recommendation that Seward be limited to light duty work for a period of three months. The clear implication of the letter is that at the end of this three-month period, the surgeon predicted that the light duty restriction could be lifted. Thus, the letter necessarily provides a projected date when Seward could resume his essential work duties. Accordingly, the city has not shown as a matter of law that Seward cannot prove that he was a qualified individual who could perform the essential duties of his job with a reasonable accommodation.

*B. Failure to Make a Reasonable Accommodation*

An employer can fail to make a reasonable accommodation if it fails to engage in the interactive process. *See Smith v. Midland Brake Inc., a Div. of Echlin, Inc.*, 180 F.3d 1154, 1172 (10th Cir. 1999). The interactive process "includes good-faith communications between the employer and employee." *Id.* A lack of good-faith can be demonstrated by "[a] party that obstructs or delays the interactive process" or "fails to communicate, by way of initiation or response." *Id.*

Roy City argues that Seward failed to engage in the interactive process as a matter of law by failing to call Dr. Foot. Seward, on the other hand, argues that there remains a dispute of fact as to whether Roy City itself failed to engaged in the interactive process when it sent him home on unpaid leave, stating that he must pass a fit-for-duty examination before returning to work.

The Tenth Circuit has recognized that requesting "updated medical information" from an employee is reasonable. *Templeton v. Neodata Services, Inc.*, 162 F.3d 617, 619 (10th Cir. 1998). An employee's failure to provide this information precludes the employee from claiming that the employer failed to engage in the interactive process because the fault lies with the employee. *Id.*

Therefore, if Roy City had simply asked Seward to go to a doctor to obtain the medical information necessary to determine what reasonable accommodation may be required, then Seward's refusal could very well preclude his interactive process claim. But, viewing the evidence in the light most favorable to Seward, that is not what happened here. Seward has produced evidence that Roy City gave him an ultimatum: pass a fit-for-duty test within two weeks or be terminated. An "all-or-nothing ultimatum" from an employer that ends the opportunity for "any possibility of a reasonable accommodation" is not the flexible and "informal" process mandated for employers considering a reasonable accommodation. *McClain v. Tenax Corporation*, 304

8

F.Supp.3d 1195, 1205 (S.D. Ala. 2018). Thus, there remains a dispute of material fact as to whether Roy City engaged in the interactive process as required by the ADA.

### C. Adverse Employment Action

"The Tenth Circuit liberally defines the phrase 'adverse employment action.'" *Sanchez v. Denver Public Schools*, 164 F.3d 527, 532 (10th Cir. 1998). It is not limited to just "monetary losses," and courts address whether an adverse employment action happened on a "case-by-case" basis. *Id.* The Supreme Court has held that a jury can reasonably conclude that a suspension without pay is an adverse employment action. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 73 (2006).

Roy City argues that Seward did not suffer an adverse employment action because the city merely asked Seward to schedule an appointment with Dr. Foote in order to determine when he could return to his full work duties. Roy City asserts that Seward then chose to retire. But Roy City's argument improperly presents the facts in the light most favorable to its litigation position. Seward has presented evidence that the city placed him on unpaid leave and informed him that he had to pass a fit-for-duty exam within two weeks in order to return to work as a police officer. Thus, there is a dispute of material fact as to whether Roy City placed Seward on unpaid leave, which can be an adverse employment action. Accordingly, summary judgment on this element of Seward's claim is not appropriate.

## CONCLUSION AND ORDER

For the above reasons, the court GRANTS IN PART and DENIES IN PART Roy City's motion for summary judgment. The court grants summary judgment on the first and second causes of action. The court denies summary judgment on the third cause of action alleging a failure to accommodate a disability in violation of the ADA.

DATED January 22, 2020.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge